# United States District Court

## IN THE DISTRICT OF COLUMBIA

**FILED**

DEC 0 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Joseph A. Gaines,
Elizabeth J. Gaines
995 ROSEBERRY DR,
Las Vegas, Nevada 89138
702 256 8571

Case No. _____

              Plaintiff(s),

v.

United States

              Defendant.

CASE NUMBER  1:05CV02326

JUDGE: Ellen Segal Huvelle

DECK TYPE: Pro se General Civil

DATE STAMP: 12/05/2005

## COMPLAINT, PETITION, AND CLAIM
## IN THE NATURE OF A COMPLAINT, PETITION, AND CLAIM
## UNDER THE AUTHORITY OF 26 U.S.C. § 7433

### I
### INTRODUCTION

1.    This Honorable Court has subject matter jurisdiction of these proceedings pursuant to 26 U.S.C. §7433, and derives its rights pursuant to Article III of the Constitution of the United States and Title 28 of the United States Code, as interpreted by Nguyen v. United States, 539 U.S. 69 (2003), and by virtue of sufficient pleadings clearly setting forth the right, title and claim of the plaintiff(s). Joseph A. Gaines, Elizabeth J. Gaines plaintiff(s), is/are (a) Citizen(s) of ,NV 89138, a "State in this Union," (Art. IV § 4, United States Constitution), and is/are neither employed by, nor personnel of, the United States Inc., (Art. II, United States Constitution). Defendant through principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service, in connection with the collection of federal tax beginning with "tax

year" 1998 recklessly, intentionally or by reason of negligence disregarded and continue to disregard provisions of Title 26 United States Code and the regulations promulgated thereunder as set forth below.

## II

## JURISDICTION AND VENUE

2.    This court is empowered with subject matter jurisdiction to evaluate the pleadings of plaintiff(s) under informal, relaxed and less restrictive guidelines than ordinarily affords litigants in district courts of the United States, especially *pro se* litigants. *See* Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652.

3.    This court cannot be deprived of subject matter jurisdiction because this action is procedurally proper, places substantive fact issues before this Court via affidavit, and is brought to recover damages from Defendant because Defendant through principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service, in connection with the collection of federal tax recklessly, intentionally or by reason of negligence disregarded and continue to disregard provisions of Title 26 United States Code and the regulations promulgated thereunder;

4.    Venue is proper in the United States District Court, (26 USC §7433), in the District of Columbia, the Seat of Government, (4 USC § 71, 72, 73);

5.    Pursuant to Rule 12(b)(6), FED.R.Civ.P., plaintiff(s) herein state(s) claims upon which relief may be granted and, therefore, *Pro Se* litigant's petition cannot be dismissed for failure to state a claim upon which relief can be granted. *See* Haines v. Kerner, 404 U.S., 92 S. Ct. 594, 30 L. Ed. 2d 652;

6.    Plaintiff(s) has/have exhausted all administrative remedies, attempted to mitigate

damages and has/have commenced this action within two (2) years after the date on which the right of this action accrued.

### III.

### COMPLAINT AND STATEMENT OF FACTS

7.     Beginning with "tax year" 1998 through and including the present year defendant, through principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax recklessly, intentionally, or by reason of negligence disregarded the following provisions of Title 26 United States Code and the regulations promulgated thereunder[1]:

a.     26 U.S.C §6201(a) by failing to make an assessment of the taxes plaintiff(s) allegedly owe(s);

b.     26 U.S.C § 6202 by failing to make an assessment of the taxes plaintiff(s) allegedly owe(s) within the time and mode set forth by the secretary;

c.     26 U.S.C. §6203 by failing to record an assessment of the taxes plaintiff(s) allegedly owe(s);

d.     26 U.S.C. §6203 by failing to furnish plaintiff(s) copies of records of assessment upon plaintiff(s) request;

e.     26 U.S.C. §7214(a) by attempting and continuing to attempt to collect sums greater than appear on records of assessment;

f.     26 U.S.C. §6159 by abrogating plaintiff(s) guaranteed availability of an installment agreement;

---

[1] This listing is not inclusive. There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

- 26 U.S.C. §6212 by failing to send plaintiff(s) a notice of deficiency (90 day letter);

- 26 U.S.C. §6213(a) by failing to notice plaintiff(s) of the last date on which plaintiff(s) could file a petition to the Tax Court;

- 26 U.S.C. §6320 by failing to notify plaintiff(s) of the filing of a notice of lien;

- 26 U.S.C. §6321 by filing an invalid and unlawful Notice of Tax Lien against plaintiff(s);

- 26 U.S.C. §6321 by filing of an invalid and unlawful Notice of Tax Levy on plaintiff(s) wages, bank account, & etc;

- 26 U.S.C. §6325 by failing to release the aforementioned lien(s) when it became obvious that said lien(s) was/were invalid and unlawful;

- 26 U.S.C. §6330(a) by failing to provide plaintiff(s) with notice of a right to an impartial hearing;

- 26 U.S.C. §6331(a) by failing to send plaintiff(s) a ten (10) demand for payment before issuing a levy;

- 26 U.S.C. §6331(d)(1)(2) by failing to send the plaintiff(s) a thirty (30) day notice;

- 26 U.S.C. §6331(j) by seizing property belonging to plaintiff(s) without verifying plaintiff(s) alleged tax liability, documenting that the expenses associated with the sale of the property would not exceed the property's value, without documenting that the equity in the property was sufficient to apply against plaintiff(s) alleged tax liability, and without considering alternative collection methods;

- 26 U.S.C. §6331(k) by seizing property during a time when plaintiff(s) had a pending offer-in-compromise;

- 26 U.S.C. §6334 by levying on property exempt from levy;

- 26 U.S.C. §6334 by seizing personal belongings over the statutorily prescribed limit;

- 26 U.S.C. §6334(a)(13) by levying upon plaintiff(s) principal residence and tangible personal property used in plaintiff(s) business without prior approval of United States District Court Judge or magistrate;

- 26 U.S.C. §6335(e)(1)(A)(i) by failing to establish a minimum bid price prior to selling seized property;

- 26 U.S.C. §6340(b) by failing to provide plaintiff(s) with all relevant records of the sale of plaintiff(s) property, accounting for the amount from the sale applied to plaintiff(s) alleged tax liability, and informing plaintiff(s) of the remaining tax liability;

- 26 U.S.C. §6343(b) by refusing to relax a levy after determination that the total sum of taxes was not collectible;

- 26 U.S.C. §6402 by failing to refund all unassessed taxes taken from plaintiff(s) upon plaintiff(s) written request to the United States Treasurer;

- 26 U.S.C. §6404(g) by failing to suspend interest and penalties for reason that defendant has not specifically stated the amount of, and the basis for the liability defendant says plaintiff(s) owe(s);

- 26 U.S.C. §6501(a) by neglecting to assess taxes owed within three years;

- 26 U.S.C. §6502(a) by failing to collect taxes due within the ten year statute

of limitation;

. 26 U.S.C. §6651(h) by exceeding the rate of delinquency charges where plaintiff(s) had entered an installment agreement with respect to the sums allegedly due and owing the United States Treasury;

. 26 U.S.C. §6751(a) by failing to include in a notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty;

. 26 U.S.C. §6751(b)(1) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination;

. 26 U.S.C. §7122(d) by failing to allow plaintiff(s) to appeal the rejection of the offer-in-compromise;

. 26 U.S.C. §7123(b)(1) by failing to provide plaintiff(s) with non-binding mediation;

. 26 U.S.C. §7214(a)(7) by making a false claim resulting in the unlawful prosecution of plaintiff(s) for tax crimes;

. 26 U.S.C. §7214(a)(7) by making a false claim resulting in the unlawful incarceration of plaintiff(s) for tax crimes;

. 26 U.S.C. §7429(a) by effecting a jeopardy assessment without prior approval of the Service's Chief Counsel;

. 26 U.S.C. §7491(b) by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers;

. 26 U.S.C. §7491(c) by refusing to produce any evidence with respect to the

imposition of penalties and additions;

.     26 U.S.C. §7602(a) by conducting a presumed financial status audit;

.     26 U.S.C. §7602(c) by failing to provide reasonable notice to plaintiff(s) that IRS employees were contacting third parties regarding taxes plaintiff(s) allegedly owe.

8.     The IRS has sent numerous letters to the plaintiff each alleging a different amount in dispute. Thus the amount in dispute cannot be completely and accurately ascertained at this time, but will be more fully known after the completion of discovery.

9.     Pursuant to 26 C.F.R. §601.702(c) the IRS is required to answer any correspondence of a "taxpayer" within 10 days.  Plaintiff has written numerous requests to the IRS which require responses from the IRS.  The IRS has failed and/or refused to respond or has responded with frivolous responses.

10.    26 USC §6203 requires the IRS to provide plaintiff with the records of assessment upon request.  Pursuant to lawful procedure plaintiff has requested copies of lawful summary records of assessments (Forms 23-C) from the Commissioner of the IRS. Plaintiff received no response.

11.    Pursuant to lawful procedure, Plaintiff has requested, from the Secretary of the Treasury, a refund of all unassessed taxes taken from plaintiff. Plaintiff received no response.

12.    Thus it appears that the IRS is proceeding against the plaintiff in the clear absence of an assessment.

**IV**

## ACCURACY OF IRS RECORDS

13.    Plaintiff requests that the court take judicial notice of the following GAO Audit
Report as a government record.

      **GAO/AIMD-99-75, FINANCIAL AUDIT - IRS' FISCAL YEAR 1998 FINANCIAL
STATEMENTS,** issued March 1, 1999, cites, "pervasive weaknesses in…accounting
procedures, documentation, (and) recordkeeping," p. 7, and, "substantial
deficiencies…agencywide," p. 8, including, "material weaknesses in [IRS'] financial
accounting," pp. 9, 11, and concluded that, "IRS cannot provide reasonable
assurance that \*\*\* (3) information reported by IRS is accurate, timely, and
meaningful." p. 9.    According to the **GAO/AIMD-99-75**, p. 10, IRS' financial
management systems do not substantially comply with certain requirements of the
Federal Financial Management Improvement Act of 1996 (FFMIA), reportable under
OMB Bulletin 98-08, including systems requirements, federal accounting standards,
and the U.S. Government Standard General Ledger (GSL) at the transaction level;
neither the IRS custodial nor administrative general ledger systems comply with the
GSL rules for agencies to follow in recording financial events, p. 12, and neither
provides a complete audit trail, pp 12, 13, as IRS does not have a detailed
subsidiary ledger for taxes receivable. pp 13, 15.

      **GAO/AIMD-99-75** cited additional, "material weaknesses," p. 11, relating to IRS'
revenue accounting and reporting, citing, "…inability to…(1) separately

report…individual income taxes… and, (2) determine the amount of *excise tax revenue* it collected…" (emphasis added), p. 11; as well as in supporting documentation, p. 11, specifying bankruptcy case files excluding information necessary to verify the IRS' creditor status. p. 16.

**GAO/AIMD-99-75** further found that IRS' policy of running computer programs against its master files, "is not an adequate substitute for a reliable subsidiary ledger which provides an accurate outstanding balance," pp 13-14, and GAO concluded that this practice violates the FEDERAL FINANCIAL MANAGEMENT IMPROVEMENT ACT of 1996 (FFMIA, reportable under OMB Bulletin 98-08), federal accounting standards, and the U.S. Government Standard General Ledger (GSL), and "led to IRS pursuing collection efforts against taxpayers (sic) that had already paid their taxes in full." p. 16.

**GAO/AIMD-99-75** indicates that GAO has twice before reported that IRS' controls are not adequate to reduce the risk that payments will not be properly credited; IRS cannot report the specific amount of revenue it actually collected for three of the federal government's four largest revenue sources: Social Security, Hospital Insurance, and individual income taxes, *citing* Internal Revenue Service: Physical Security Over Taxpayer Receipts and Data Needs Improvement (*See*: **GAO/AIMD-99-15**, November 30, 1998); Internal Revenue Service: Immediate and Long-Term Actions Needed to Improve Financial Management (*See*: **GAO/AIMD-**

**99-16**, October 30, 1998); and **GAO/AIMD-98-77**, February 26, 1998. **GAO-01-263**

**High-Risk Update** P. 36; **GAO-02-35 Internal Revenue Service: Progress Made,**

**but Further Actions Needed to Improve Financial Management**; P. 2; **GAO-02-**

**619T, IRS Continues to Face Management Challenges in its Business**

**Practices and Modernization Efforts; GAO-03-243 IRS's Fiscal Year 2002 and**

**2001 Financial Statements,** pp. 105/106. **GAO/AIMD-99-103, GAO/AIMD-02-848,**

**GAO 04-438T, GAO 03-665.**

_____A review of GAO Audits from 1996 through and including 2004 reveals the same

problems as referenced above. Thus, pursuant to the GAO Audit reports, plaintiff

alleges that the records of the IRS are not reliable and therefore are not admissible

under the federal rules of evidence. Therefore, in the absence of evidence contrary

to the GAO Audit Reports plaintiff alleges that the records of the IRS are not reliable

and objects to their being admissible in this matter.

V

CONCLUSION

14.    As a direct and proximate result of the aforementioned reprehensible, egregious,

and vexatious conduct and the wanton disregarding of the aforementioned

provisions of Title 26 United States Code and the regulations promulgated there-

under by defendant's principals, officers, agents, rogue agents and/or employees

of the Internal Revenue Service in connection with the collection of federal income

tax plaintiff(s) has/have suffered substantial personal embarrassment, loss of income, and loss of goodwill, resulting in actual damages, the extent of which at this time cannot be completely and accurately ascertained, but which will be more fully known after the completion of discovery.

15.   Such reprehensible, egregious, and vexatious conduct and the wanton disregarding of the provisions of Title 26 United States Code and the regulations promulgated thereunder by defendant's principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service in connection with the collection of federal tax entitles plaintiff(s) to punitive damages the extent of which at this time cannot be completely and accurately ascertained, but which will be known more fully after the completion of discovery.

16.   Plaintiff(s) have exhausted all administrative remedies before bringing this suit by disputing the tax claims made by the defendant and properly petitioning for all years in question the Commissioner of the Internal Revenue Service for lawful summary records of assessment and the Secretary of the Treasury for refunds. Plaintiff(s) received no timely response from either the Commissioner of the Internal Revenue Service or the Secretary of the Treasury.

17.   Plaintiff(s) is/are entitled to injunctive relief beyond reach of 26 U.S.C. §7421, pursuant to LAING v. UNITED STATES, 423 U.S. 161 (1976); ENOCHS v. WILLIAMS PACKING CO., 370 U.S. 1 (1962);

As stated in Enochs, 370 U.S. 1, 8:

> "[I]n general, the Act prohibits suits for injunctions barring the collection of federal taxes *when the collecting officers have made the assessment* and claim that it is valid. Snyder v. Marks, 109 U.S. 189, 194 ." (emphasis added)

As alleged herein, defendants failed to record any assessment. This failure renders

IRC §7421 inapplicable, as explained in Enochs, 370 U.S. 1, 7:

> The manifest purpose of 7421 (a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. 6 *Nevertheless, if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, under the Nut Margarine case, the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such a situation the exaction is merely in "the guise of a tax." Id., at 509.* (emphasis added)

Section 7421 a's inapplicability in the instant case is also supported by LAING, 423

U.S. 161, 162:

> "[B]ecause [IRS] failed to comply with these requirements, the taxpayers' suits were not barred by the Anti-Injunction Act. Pp. 169-185."

The United States has no possibility of rebutting the claims of plaintiff(s) and

Plaintiff(s) has/have already suffered extreme hardship.

## REMEDY SOUGHT

18.    Determination that the defendant's principals, officers, agents, rogue agents and/or

employees of the Internal Revenue Service in connection with the collection of federal tax from the plaintiff(s), recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

19.    Determination of the amount of damages for which the plaintiff(s) is/are entitled to amend the reprehensible, egregious, and vexatious behavior of the defendant.

20.    Refund of all unassessed taxes, return of all seized property, return of all levied funds and an order requiring defendant's principals, officers, agents, rogue agents and/or employees to cease disregarding any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

21.    The cause of justice and the rule of law justly require this court's Order enjoining the Internal Revenue Service, its officers, employees and anyone working or acting in behalf of the IRS, including any and all U.S. attorneys, employees of the Department of Justice and judges from engaging in any further collection activity, whether civil or criminal until all claims are fully resolved and the return of all sums wrongfully collected.

22.    Further relief as the court determines is justified.

Dated: _____ *12/3* _____, 2005

_____
Joseph A. Gaines

Robert D. Stewart v. United States.                    page 13 of 17 pages                    26 U.S.C. §7433 Complaint

## **A F F I D A V I T**

Affiant , Joseph A. Gaines, Elizabeth J. Gaines is of lawful age and competent to testify, after having been duly sworn, state as follows based upon affiant's own personal knowledge:

1.    It is not now, nor has it ever been, affiant's intent to avoid paying any tax that affiant is legally liable to pay or that affiant lawfully owes.

2.    Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6201(a) by making an assessment of the taxes affiant allegedly owes;

3.    Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6202 by making an assessment of the taxes affiant allegedly owes within the time and mode set forth by the secretary;

4.    Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by recording an assessment of the taxes affiant allegedly owes;

5.    Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by furnishing affiant copies of records of assessment upon affiants request;

6.    Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §7214(a) by not attempting and continuing to attempt to collect sums greater than appear on records of assessment;

7.    Affiant is not in possession of any document which verifies that affiant owes a "tax" to the United States Treasury.

8.    Affiant is not in possession of any document which verifies that the defendant has complied with all collection procedures required by the IRS Code and its regulations.

9.    Affiant is not in possession of any document which identifies the authority for the IRS to substitute a RACS 006 or a Form 4340 (Certificate of Assessments and Payments) for a Form 23-C (Summary Record of Assessment).

10.    To the best of affiant's knowledge, affiant has timely attempted to respond to every

single solitary presentment made to affiant by the IRS.

11.    Affiant has repeatedly asked for the IRS to comply with its own administrative procedures.

12.    Pursuant to 26 C.F.R. §601.702(c) the IRS is required to answer any correspondence of a "taxpayer" within 10 days. Affiant has repeatedly sent numerous correspondence that the IRS has repeatedly and willfully failed to answer.

13.    Affiant has requested copies of lawful summary records of assessments (Forms 23-C) from the Commissioner of the IRS.  Affiant received no response.

14.    Pursuant to lawful procedure, affiant has requested, from the Secretary of the Treasury, a refund of all unassessed taxes taken from affiant. Affiant received no response.

15.    The IRS has sent numerous letters to the plaintiff each alleging a different amount in dispute.

15.    Affiant has exhausted all administrative remedies, attempted to mitigate damages and has commenced this action within two (2) years after the date on which the right of this action accrued.

16.    Affiant believes there is no possible way that the United States can rebut any of the claims made in this pleading.

Dated: _____ / 2 - 3 , 2005

_____        _____
Joseph A. Gaines                          Elizabeth J. Gaines

Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of ,NV 89138, personally appeared, Joseph A. Gaines, Elizabeth J. Gaines known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_____

NICHOLE MARTINEZ
NOTARY PUBLIC
STATE OF NEVADA
APPT. No. 05-97320-1
MY APPT. EXPIRES FEB. 15, 2009

05 2326

Robert D. Stewart v. United States.          page 16 of 17 pages          26 U.S.C. §7433 Complaint

FILED

DEC 0 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Notary, State of ,NV  89138